IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES OWENS, #K-83253, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-00510-MJR |
| | ) |
| WARDEN DUNCAN, | ) |
| ASSISTANT WARDEN TREADWAY, | ) |
| JOHN COE, and JOHN DOE | ) |
| | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff James Owens, currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this *pro se* civil rights action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendant Duncan (warden of Lawrence), Treadway (Assistant warden of Lawrence), John Coe (Health Care Unit Administrator), and John Doe (pharmacy technologist) have been deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment. (Doc. 1). Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. (Doc. 1, p. 7).

The complaint comes now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

Plaintiff claims that Defendants have failed to refill prescribed medications in a timely manner and that his request for a new medication to treat a fungal infection has been ignored. Specifically, according to Plaintiff's complaint, on March 9, 2014, Defendant Coe prescribed Plaintiff Chlorpheniramine[1] for sinus pressure and Naproxen for arthritic pain.[2] (Doc. 1, ¶ 11). Both prescriptions were filled. Each prescription contained additional refills. Plaintiff was instructed to submit the refill for Chlopheniramine seven days prior to March 17, 2014 and

---

[1] Chlorpheniramine is available as an over-the-counter medicine and is commonly used to relieve "red, itchy, watery eyes; sneezing; itchy nose or throat; and runny nose caused by allergies, hay fever, and the common cold." http://www.nlm.nih.gov/medlineplus/druginfo/meds/a682543.html (Accessed May 15, 2014 ).
[2] Naproxen is prescribed to relieve "pain, tenderness, swelling, and stiffness." *See* http://www.nlm.nih.gov/medlineplus/druginfo/meds/a681029.html (Accessed May 15, 2014).

the refill for Naproxen seven days before April 7, 2014. (Doc. 1, ¶ 13, Exhibits C and D). Plaintiff does not state when he made his initial refill requests, but he asserts that he has "sent numerous request slips to the HCU Pharmacy" as well as requests to Defendants Coe and Treadway informing them of his need for the refills; as of May 5, 2014, neither the Chlorpheniramine nor the Naproxen prescriptions had been refilled. (Doc. 1, ¶¶ 15-16). Plaintiff further claims that since April 7, 2014 he has been requesting treatment for a fungal infection; these requests have also been ignored. Plaintiff maintains that going without the prescriptions has caused him to suffer sinus pain, as well as arthritic pain in his back and hips. (Doc. 1, ¶ 20).

On April 20, 2014, Plaintiff filed an "emergency grievance" with Defendant Duncan (Doc. 1, Exhibit A). Defendant Duncan made the determination on April 21, 2014 that the grievance was not of an "emergency nature" and Plaintiff was instructed to submit a grievance in the normal manner. *Id*. Plaintiff chose instead to file an appeal with the Administrative Review Board and a civil rights action before this Court. (Doc. 1, ¶ 20).

**Analysis**

Accepting Plaintiff's allegations as true, as the Court must do at this preliminary stage, the Court finds that the complaint sets forth an actionable claim under the Eighth Amendment for deliberate indifference to a serious medical need. Plaintiff may proceed on his claim for damages, but only against Defendants Coe and "John Doe," in their individual capacities. Plaintiff may also proceed on his claim for injunctive relief, but only against Defendant Duncan, in his official capacity. Plaintiff has failed to state a claim against Defendant Treadway and, therefore, he shall be dismissed.

"The Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological

purpose.'" *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 828 (7th Cir.2009) (quoting *Estelle v. Gamble,* 429 U.S. 97, 103 (1976)). Prison officials violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs. *Estelle,* 429 U.S. at 104. "Deliberate indifference to serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution." *Rodriguez,* 577 F.3d at 828 (quoting *Estelle,* 429 U.S. at 103).

To plead an Eighth Amendment medical needs claim, a complaint must allege two elements: 1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition. *See Johnson v. Snyder,* 444 F.3d 579, 584 (7th Cir.2006); *see also Roe v. Elyea,* 631 F.3d 843, 857 (7th Cir.2011).The Seventh Circuit has held that a medical need is objectively "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). "Allegations of refusal to provide an inmate with prescribed medication or to follow the advice of a specialist can also state an Eighth Amendment claim." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (finding that plaintiff with rheumatoid arthritis had properly stated a claim against defendants who refused to provide him with medication to treat the pain).

Plaintiff claims he has been unable to refill medications he has been prescribed to treat sinus and arthritic pain. As a result, Plaintiff has unnecessarily endured pain and suffering. These allegations meet the threshold requirement for a "serious" medical need.

The complaint also satisfies the subjective component of an Eighth Amendment medical needs claim against Defendants Coe and "John Doe." To establish deliberate indifference, a plaintiff "must demonstrate that prison officials acted with a 'sufficiently culpable

state of mind.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Officials must "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The complaint asserts that Defendant Coe initially prescribed the medications, but failed to intervene when Plaintiff informed him that he had been unable to get the prescriptions refilled. The complaint further alleges that Plaintiff sent numerous requests to "John Doe," the pharmacy technician, but all of his requests went unanswered. These allegations are sufficient to state an Eighth Amendment medical needs claim against both Defendant Coe and "John Doe" at this early stage in this litigation.

As to the non-medical Defendants Plaintiff has named – Defendants Treadway (Assistant Warden) and Duncan (Warden) – the Court finds that Plaintiff has failed to allege facts demonstrating that they were personally responsible for the claimed constitutional violation. In the case of those defendants in supervisory positions, the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Furthermore, while not always the case, "if a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (citing *Greeno,* 414 F.3d at 656.) Plaintiff asserts that he notified Defendants Treadway and Duncan of the medication issue, but he does not state any other facts suggesting that they were involved in the decision to deny him treatment. This does not appear to be the type of case that would warrant holding non-medical prison officials personally responsible. Therefore, Plaintiff may not proceed on his claim for monetary damages against Defendants Treadway and Duncan.

In addition to seeking monetary damages, Plaintiff has requested declaratory and injunctive relief. Typically, in a claim for injunctive relief, the government official who is responsible for carrying out the requested relief would be named as a defendant in his or her official capacity. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). In the context of prison litigation, the official is usually the warden of the institution where the inmate is incarcerated. Therefore, Plaintiff may proceed on his request for injunctive relief against Defendant Duncan, in his official capacity.

In summary, Plaintiff shall be allowed to proceed with his Eighth Amendment medical needs claim against Defendants Coe and John Doe,[3] but only in their individual capacities. He shall also be allowed to proceed with his request for injunctive relief against Defendant Duncan, in his official capacity as Warden of Lawrence. Defendant Treadway is dismissed without prejudice.

**Pending Motion**

Owen's motion for leave to proceed *in forma pauperis* (Doc. 3) is **PENDING** and shall be addressed by the Court in a separate order.

**Disposition**

**IT IS HEREBY ORDERED** that Defendant **TREADWAY** is **DISMISSED** without prejudice from this action.

Defendant **DUNCAN** will remain as a defendant in this action, but only in his official capacity for purposes of Plaintiff's request for injunctive relief. Plaintiff's claim for monetary damages against Defendants **COE** and **JOHN DOE** shall proceed.

---

[3] While Plaintiff has not provided the name of this defendant, the Seventh Circuit has held that where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).

The Clerk of Court shall prepare for Defendants **DUNCAN** and **COE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Plaintiff is further advised that service shall not be made on the John Doe Defendant until such time as Plaintiff has identified the John Doe Defendant by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address of this individual.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk

or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** 6/4/2014

                                              s/Michael J. Reagan
                                              United States District Judge